IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MISTY ROMERO, PERSONAL REPRESENTATIVE OF THE ESTATE OF JORGE LUIS SANTANA RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>SEWARD COUNTY, NEBRASKA, MICHAEL VANCE, SHERIFF OF SEWARD COUNTY, in his Individual and Official Capacity, Capacity, and ANTHONY GANN, Individually and in his Official Capacity,<br><br>Defendants. | ) | CASE NO.<br><br>COMPLAINT AND REQUEST FOR JURY TRIAL IN LINCOLN, NEBRASKA |

COMES NOW Misty Romero, Personal Representative of the Estate of Jorge Luis Santana Ramirez, for her cause of action against the defendants' state as follows:

1. The plaintiff is a resident of Kansas City, Missouri who has been appointed by the 7th Judicial Circuit Court in Clay County, Missouri of the Estate of Jorge Luis Santana Ramirez.

2. The defendant Seward County is a political subdivision in the state of Nebraska.

3. Sheriff Michael Vance is the duly elected sheriff of Seward County. He is sued in his individual and in his official capacity.

4. Anthony Gann was a resident of Seward County, Nebraska at all relevant times and was employed by Seward County as a deputy sheriff.

5. On or about October 23, 2023, between the hours of 3:20 p.m. and 3:30 p.m., Jorge Luis Santana Ramirez was killed when he was shot by Defendant

Gann. At all times relevant, the acts and omissions complained of herein arrives from the conduct of Defendant Gann while he was acting under the color of state law and each act and omission was committed pursuant to Defendant Gann's employment by Seward County, Nebraska.

6. Venue is proper in this Court as this matter occurred in the state of Nebraska.

7. This is an action for constitutional violations suffered by the deceased Jorge Luis Santana Ramirez as a result of the unreasonable search and seizure and wrongful death of Jorge Luis Santana Ramirez. Plaintiff brings this action for compensatory damages and punitive damages under 42 U.S.C. § 1983 because defendants jointly and severally deprived the decedent of his protected right to be free from unreasonable seizure and unreasonable force pursuant to the United States Constitution Amendments IV and XIV. Under the totality of the circumstances, each defendant violated the constitutional rights of Jorge Luis Santana Ramirez. Further, plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988.

8. Said death was the result of excessive and deadly force used by Seward County Deputy Anthony Gann during a traffic stop which originated in Seward County, Nebraska and ended in Lancaster County, Nebraska, at or near mile marker 390.

9. Seward County deputies, including the defendant Gann, initiated a traffic stop about 3:11 p.m. on westbound I-80. The decedent was the driver who did not stop his vehicle and a pursuit began which continued for approximately 7 miles until the deceased's vehicle stalled at approximately mile marker 390.

10. Defendant Gann was directed by his superiors to end the pursuit of Santana Ramirez when he reached the city limits of Lincoln, Nebraska. The shooting of the deceased by defendant Gann occurred beyond the point where the deputy had been ordered to disengage his pursuit.

11. Defendant Gann created the need for deadly force and ignored the order to disengage.

12. Defendant Gann should have received law enforcement training with respect to jurisdictional boundaries as a part of his certification as a law enforcement officer.

13. Further, Seward County deputies regularly patrol specific zones, reinforcing the awareness of the jurisdictional boundaries.

14. Seward County patrol vehicles such as the vehicle in which defendant Gann occupied had GPS tools that mark city and county lines.

15. Upon the stop, the passenger in the Santana Ramirez vehicle exited, however, the deceased remained inside the vehicle.

16. Santana Ramirez made no attempt to flee after the vehicle stopped.

17. Defendant Gann claimed he saw a weapon in Santana Ramirez's hand, leaving him to fire his weapon into the Santana Ramirez vehicle aimed at Santana Ramirez who was struck by the bullet and killed.

18. Defendant Gann, at the time of his shooting the deceased, was not in immediate danger nor was his partner, another Seward County Deputy Sheriff.

19. The deceased was seated in the driver's seat when he was shot and killed.

20. Defendant Gann was standing outside the vehicle, near the driver's side window, when he shot and killed Santana Ramirez.

21. Santana Ramirez did not have a firearm on his body or in his vehicle at the time he was killed.

22. Defendant Gann's justification for his use of deadly force is objectionably suspect and contrary to objective evidence.

23. Defendant Seward County is organized and exists under the laws of the state of Nebraska. At all relevant times, defendant Seward County was a person within the meaning of 42 U.S.C. § 1983.

24. At all times hereto, the individual defendant Sheriff Michael Vance was acting within the course and scope of his employment with the defendant Seward County. At all relevant times hereto, the defendant Gann was acting within the course and scope of his employment with defendant Seward

County. All actions by all defendants were made under color of state law. All actions that form the basis of this lawsuit were performed pursuant to policies and procedures, customs and/or practices of defendant Seward County.

25. It is the defendant Seward County and defendant Sheriff Vance's responsibility and duty to promulgate, implement, train, and enforce policies and procedures prohibiting the use of excessive force in violation of minimum constitutional and statutory requirements; to promulgate, implement, train and enforce policies and procedures prohibiting unlawful detentions, searches, seizures and/or arrests in violations of minimum constitutional and statutory requirements; to appropriately hire, fire, discipline, train and supervise deputies including, but not limited to, defendant Gann; and to not hire or retain deputies with a known propensity for misconduct.

26. Defendant Gann is an individual who was employed by Seward County and at all times acted under the color of state law. It was defendant Gann's duty and responsibility to treat all persons, including the decedent, in compliance with defendant Seward County's rules, regulations, policies, procedures customs and/or practices relating to the use of force, searches and seizures. It is the duty and responsibility of the defendant Gann, defendant Seward County and defendant Vance to promulgate and implement policies and procedures4 prohibiting unlawful searches and seizures conducted in an objectively unreasonable manner in violation of minimum constitutional and statutory requirements. It is further their duty and responsibility to not hire or retain deputies with a known propensity for misconduct. The defendants are being sued in this lawsuit in both their individual and official capacities.

27. Jorge Luis Santana Ramirez was born on December 16, 1979 and passed on October 23, 2023. Mr. Santana Ramirez was survived by his mother, Misty Romero and his children Ayleen Barron, Nevaeh Cain, Jorge Luis Santana Villavicen and Jorgina Santana-Crenshaw, whose date of birth is 9-18-15. Misty Espana is the natural mother of Jorgina Santana-Crenshaw, a minor. As a result of the acts and/or omissions of the defendants, Misty Romero, his children Ayleen Barron, Nevaeh Cain, Jorge Luis Santana Villavicen and Jorgina Santana-

Crenshaw suffered the loss of the love, society, companionship and support of Jorge Luis Santana Ramirez.

28. As a result of the acts and omissions of the defendants and each of them, Jorge Luis Santana Ramirez was caused to endure physical pain, suffering, and a fear of impending death prior to his death.

29. As a result of the acts and omissions of the defendants, the Estate was caused to incur medical and funeral expenses.

**FIRST CLAIM FOR RELIEF**

30. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

31. Jorge Luis Santana Ramirez was entitled to be free and is protected from unreasonable search and seizure of his person by and pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution and was also entitled to be safe and secure from undue and unreasonable excessive force. Defendant Gann was in the course and scope of his employment with Seward County and acting under color of state law unjustifiably shot and killed Jorge Luis Santana Ramirez under circumstances where no reasonable law enforcement officer would have done so. Under established precedent on excessive deadly force, defendant Gann is not entitled to qualified immunity or other immunity for these actions.

32. The acts and omissions of defendant Gann violated Santana Ramirez' protected rights and were an extreme and excessive seizure of his person unjustified by cause, were objectively unreasonable based on the totality of circumstances and violated the rights held by Santana Ramirez, to his life and the integrity of his person, those rights fully protected by the 4trh and 14th Amendments to the United States Constitution. Gann's conduct amounted to a seizure invoking the protections of the 4th Amendment, as a seizure occurs when physical force or threat of physical force restrains the liberty of a suspect.

33. Defendant Gann's use of force in the current matter violated the 4th Amendment as it caused an injury, was excessive to the need, and its excessiveness was objectively unreasonable.

34. The use of deadly force is objectively unreasonable unless it is necessary to prevent a suspect's escape and the officer has probable cause to believe that a suspect poses a significant threat of death or serious physical injury to the officer or others. There existed no objectively reasonable facts that would have supported the belief that Santana Ramirez presented an imminent danger to the deputy, his partner, or members of the public.

35. Defendants violated the requirements of the 4th and 14th Amendments and the rights held by Santana Ramirez as they related to his life and integrity and the safety of his person, and amounted to an unconstitutional use of force.

36. Some of the acts of defendant Gann that plaintiff claims were objectively unreasonable and that resulted in and independently amounted to excessive force and/or unreasonable seizure in contravention of Santana Ramirez' rights include but were not limited to:

a) firing into a parked vehicle in contravention of widely accepted police practices, and in contravention of the policies of Seward County, Nebraska;

b) aggressively and dangerously pointing his weapon at the decedent;

c) firing his weapon even though the deceased did not have a firearm;

d) shooting Santana Ramirez without any warning that deadly force would be used;

e) resorting to deadly force to apprehend a non-violent suspect rather than simply waiting for additional law enforcement officers;

f) failing to stop his pursuit of decedent's vehicle as he had been instructed to do so by other employees and/or officers of the County of Seward;

g) failing to use an objectively reasonable assessment of the facts when he decided to point his gun at the decedent and shoot and kill him;

h) making a choice to unreasonably resort to deadly force, and this decision to use deadly force was not related in any way to a proper and conscious assessment of danger and was objectively unreasonable under the circumstances;

i) failing to use a degree of force less intrusive than the use of firearm and a choice that was objectively unreasonable under the circumstances;

j) failing to utilize an objectively reasonable assessment of the facts by brandishing a deadly weapon and firing it into the decedent's body even though defendant Gann had no indication that decedent had a firearm and decedent did not present any objective danger to others, himself or Gann.

37. Defendant Gann had not reason to believe that Santana Ramirez presented any danger to Gann or others and as a consequence the seizure was objectively unreasonable at the time, and it is clear that a reasonable law enforcement officer would understand that the deadly and unnecessary fore used against Santana Ramirez under those circumstances was unlawful.

38. All of defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was below the standard prescribed by law herein.

39. As a result of the violations of the constitutional standards set forth herein, Santana Ramirez was treated inhumanely and incurred pain, injury and death when defendant Gann wrongfully resorted to the use of his firearm on the decedent.

40. As a result of these constitutional violations to the decedent and the injuries he incurred, which were in violation of 42 U.S.C. § 1983 and the Constitution of the United States.

**THIRD CLAIM FOR RELIEF**

41. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

42. This is an action pursuant to 42 U.S.C. § 1983 for the failure to supervise defendant Gann and the violation of the 4th Amendment.

43. Santana Ramirez was entitled to be free from unlawful seizure of his person pursuant to the provisions of the 4th and 14th Amendments to the United States Constitution and was also entitled to be safe and secure from undue and unreasonable excessive force. Defendant Seward County, by way of its official policymaker including defendant Vance, failed to properly supervise defendant Gann. The supervision was not adequate to ensure that its law enforcement officer responded appropriately to usual and recurring situations which they must deal with on a regular basis in light of their duties.

44. Defendant Vance had a constitutional duty on behalf of his employer defendant Seward County to supervise defendant Gann in order to protect Santana Rameriz from the acts and omissions by defendant Gann which violated Santana Rameriz' protected rights against excessive force including but not limited to deadly force and were objectionably unreasonable based on the totality of the circumstances. There existed legally insufficient justification for defendant Gann's conduct and many of his actions violated wildly accepted policing standards and jurisprudence affirming that the force used in this instance exceeded ang countervailing governmental interest. Defendants violated the requirements of the 4th Amendment and the rights held by Santana Ramirez as they related to his life and the integrity and safety of his person and amounted to a failure to supervise in a manner to protect against an unconstitutional force.

WHEREFORE plaintiff seeks damages more specifically set forth at the conclusion of this Complaint.

**FOURTH CLAIM FOR RELIEF**

45. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

46. The actions of defendant Gann alleged in this Complaint were endorsed and approved by defendant Vance. As a direct result of the policies, practices, customs and procedures, Santana Ramirez was deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the 4th Amendment of the United States Constitution.

47. Defendant Vance was an official policymaker and his actions in endorsing the illegal actions of his officers, including allowing and endorsing the use of deadly force against non-violent suspects, dangerous and imprudent policing tactics, and use of firearms in a dangerous manner under the circumstances herein, constitutes the official policy of Seward County. The endorsement of the actions of subordinate staff creates and enforces an unconstitutional and illegal policy.

48. The policy endorsed by the defendant Seward County policymakers, including defendant Vance, which includes allowing deadly force to be used under the circumstances herein violates the 4th and 14th Amendment protections held by Santana Ramirez and are unconstitutional per se.

49. The deputy's use of objectively unreasonable and excessive force as set out above is in accordance with defendant Vance and defendant Seward County's policies, procedures, practices and customs relating to the use of force.

50. At all material times, the individual agents and officers were following the policies, procedures, customs and practices of and were acting under the color of law. Defendant Vance and defendant Seward County's deficient customs, policies, procedures and practices relating to use of force amount to conscious disregard of and deliberate indifference to citizens' rights not to be subjected to unlawful detention and/or excessive force. Further, the deficient customs, policies and/or practices are a direct and proximate cause of the unlawful detention and/or use of excessive force complained of herein. At the direct result of the policies and procedures of Seward County and defendant

Vance, Santana Ramirez was purposefully deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the 4th Amendment to the United States Constitution.

51. The official policy endorsed and created by Seward County policy maker defendant Vance amounted to the constitutional violations to Santana Ramirez and resulted in the injuries he incurred and his death.

**FIFTH CLAIM FOR RELIEF**

52. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

53. This claim for relief is pursuant to 42 U.S.C. § 1983.

54. Defendant Vance and defendant Seward County have an informal custom, practice or policy regarding the use of force and deadly force. The custom, practice or policy includes, but is not limited to:

a) allowing, encouraging, requiring and/or training officers to use the threat of deadly force and/or the use of deadly force when less intrusive and/or harmful measures were more appropriate;

b) failing to properly supervise deputies in their use of deadly force;

c) failing to properly investigate deputies' use of deadly force;

d) failing to properly discipline deputies in their improper use of force.

55. As a direct cause and result of these constitutional violations by defendant Vance and Seward County of Santana Ramirez' rights and the injuries he incurred and his death that resulted, plaintiff seeks compensation set forth at the conclusion of this Complaint.

**SIXTH CLAIM FOR RELIEF**

56. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

57. Defendant Seward County, by and through Seward County Sheriff's Office and defendant Vance had an inadequate policy for training deputy sheriffs to respond to the common and recurring situations they must deal with regularly. This inadequate training as alleged regards and includes, but is not limited to the following matters:

a) the use of excessive and/or deadly force;

b) the constitutional limits on seizures but not limited to the use of force, deadly or otherwise;

c) the tactical use of firearms in real life situations;

d) the intermediate use of force;

e) defensive tactics, including but not limited to, how to disengage and create space between a deputy and the suspect before drawing a weapon;

f) when and how to go hand to hand with a suspect;

g) proper and safe handling of firearms;

h) initial and ongoing critical training on defensive tactics, the use of force, and when it is appropriate to unholster a weapon;

i) safely dealing with recalcitrant suspects in close situations without killing or injuring the suspect and/or needlessly increasing the danger of serious injury to the deputy and the public.

58. Further, Seward County by and through defendant Vance had an inadequate policy for training deputies as to when to stop motor vehicles suspected of traffic violations on Interstate 80 in Seward County, Nebraska.

59. Defendant Gann's choice to use excessive force directly resulted from the inadequate training alleged and such lackluster training amounted to deliberate indifference on the part of each of the defendants. In light of specific

duties faced by defendant Gann and the common situations deputy sheriffs face patrolling the highways, such as dealing with non-violent fleeing or otherwise non-compliant suspects, the lack of training in these areas was so obvious that the county's indifference may be reasonably inferred.

60. As a direct cause and result of these constitutional violations by defendant Seward County and defendant Vance of Santana Ramirez' rights and the injuries he incurred and his death that resulted, plaintiff seeks compensation set forth at the conclusion of this Complaint.

**SEVENTH CLAIM FOR RELIEF**

61. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

62. Seward County, by and through Seward County Sheriff's Office and defendant Vance, has an inadequate, improper and/or insufficient policy for supervising deputies and/or inadequate supervision regarding the following areas of law enforcement that include but are not limited to:

a) the stopping of motor vehicles on Interstate 80 without probable cause or legal justification;

b) the constitutional limits on seizures including but not limited to the use of force, deadly or otherwise;

c) the tactical use of firearms in real life situations;

d) the intermediate use of force;

e) defensive tactics, including but not limited to how to disengage and create space between a deputy and the suspect before drawing a weapon;

f) when and how to go hand to hand with a suspect;

g) proper and safe handling of firearms;

h) initial and ongoing critical training on defensive tactics, the use of force, when it is appropriate to unholster a weapon;

i) safely dealing with recalcitrant suspects in close situations without killing or injuring the suspect and/or needlessly increasing the danger of serious injury to the deputy and the public.

63. Rather, defendant Seward County and defendant Vance, by and through its deputies and Sheriff's Office allowed a custom or policy that favored the misuse of force.

64. Defendant Seward County Sheriff's Office and defendant Vance's policy of improper and inadequate supervision of deputies in the use of force alleged resulted in the constitutional deprivations and damages alleged herein by the decedent.

65. The actions and/or omissions of defendant Vance and defendant Seward County supervisors including defendant Vance can be characterized as supervisory encouragement or acquiescence in the use of excessive force and/or amounting to deliberate indifference to the rights of individuals not to be subjected to deprivation of their constitutional rights. Such inadequate supervision was a direct and proximate cause of the death of Jorge Luis Santana Ramirez.

66. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

**EIGHTH CLAIM FOR RELIEF**

67. Plaintiff incorporates adopts by reference all the facts and allegations above as though fully set forth herein.

68. Defendant Seward County by and through the Seward County Sheriff's Office and defendant Vance ratified the conduct of its deputies and officers in that one or more authorized policymaker(s) for the county approved of the decisions of such deputies at the basis for them, thus making Seward County responsible for such conduct.

69. As a direct and proximate result of these constitutional violations by defendant Seward County and defendant Vance of Jorge Luis Santana

Ramirez' rights and the injuries he incurred and his death that resulted, plaintiff seeks compensation as set forth below.

**DAMAGES – LOSS OF LOVE, SOCIETY, COMPANIONSHIP AND SUPPORT**

As a result of the acts and omissions of the defendants as set forth in the First, Second, Third, Fourth, Five, Sixth, Seventh and Eighth Claims for Relief, the plaintiff seeks the following damages:

Wherefore, plaintiff requests judgment against the defendants in an amount which will fairly and justly compensate the children for the loss of love, society companionship and support of their father, Jorge Luis Santana Ramirez together with costs of this action and such other and further relief as the Court deems just including a reasonable attorney fee according to law. Further, with respect to defendants Vance and Gann, plaintiff seeks punitive damages.

**DAMAGES – MEDICAL AND FUNERAL EXPENSES**

As a result of the acts and omissions of the defendants as set forth in First, Second, Third, Fourth, Five, Sixth, Seventh and Eighth Claims for Relief, the Estate was caused to incur medical and funeral expenses.

Wherefore, plaintiff requests judgment against the defendants in an amount which will fairly and justly compensate the Estate for the medical and funeral expenses incurred together with the costs incurred and with respect to defendants Vance and Gann, punitive damages and such other and further relief as the Court deems just including a reasonable attorney fee according to law.

**DAMAGES – PAIN AND SUFFERING**

As a result of the acts and omissions of the defendants in each First, Second, Third, Fourth, Five, Sixth, Seventh and Eighth Claims for Relief, Jorge Luis Santana Ramirez was caused to endure physical pain, suffering and a fear of impending death, prior to his death.

WHEREFORE Plaintiff requests judgment against the defendants in an amount which will fairly and justly compensate the Estate of Jorge Luis Santana Ramirez for the physical pain and suffering and fear of impending death endured prior to his death. Further, with respect to defendants Vance and Gann, punitive damages in an amount to be determined together with a reasonable attorney's fee and costs incurred and such other and further relief as the Court deems just.

Vincent M. Powers #15866
POWERS LAW
411 South 13th Street, Suite 300
PO Box 84936
Lincoln, NE 68501-4936
402/474-8000
powerslaw@me.com

REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial to be held in Lincoln, Lancaster County, Nebraska.